G. S. Standish, Jr.
vs.                    } Div.No.20092
Sarah M. P. Standish
October 18, 1926

BLODGETT, J. Petition for an absolute divorce on the grounds of extreme cruelty, adultery, and gross misbehavior, filed June 4, 1926.

Respondent moved to dismiss on the ground of lack of jurisdiction. The marriage took place in Charlottesville, Virginia, July 8, 1924.

Petitioner at the time was a student in the University of Virginia. The residence of the petitioner at the time was Providence, where his father and family lived. The couple remained in Virginia, where petitioner obtained employment, until some time in September, 1924. In October, 1924, petitioner and his wife went to the home of the father of petitioner in Providence, and remained there about five weeks. Petitioner and his wife then went to Detroit, where petitioner obtained employment, and remained there until January, 1925, when a return was made to Providence. Since that time petitioner has resided in Providence. Petitioner testifies that it was never his intention to reside anywhere except in Providence, and that these removals were only temporary.

While the question of jurisdiction is very close, yet, much as the court would prefer to dismiss the petition for lack of jurisdiction, the court feels that petitioner's absence from Rhode Island was only temporary, and that the petition should be decided upon its merits.

Very early in the married life of the couple, the father, when they were about to start north with him by automobile, objected to the appearance of the respondent and suggested they remain for a time in Virginia, which would show that even at this time it was the intention of petitioner to return to Providence.

The testimony discloses that very early in the married life of petitioner and respondent, while they were living at the home of the father of petitioner, the brother of petitioner did not approve of respondent, making the statement that the family tried to make the best of her.

The life of respondent at this home was evidently unhappy. She was young and evidently inexperienced in running a household, and, placed in a situation where she was not mistress of her own house, did not measure up to the requirements of the situation.

The separation of the couple followed an event which took place at a house in Providence, where they had moved from the home of the father of petitioner, some time in the early summer of 1926. The petitioner, in the hearing of respondent, made arrangements for a business trip to Newport which would keep him away over night. The respondent requested him to take her with him, which he declined to do. Petitioner returned from Newport early in the evening with a friend, a young married man. Together they drove to Oakland Beach and called upon a friend there who had a concession on the beach. They returned to Providence and remained in a bowling alley until about midnight. Petitioner invited his friend to spend the night at his home and together they proceeded thither, finding an automobile drawn up before the house. The husband's return was evidently unexpected. They found a young girl and a young man seated upon a couch in the living room, and upon making his way into his bedroom petitioner found respondent and a young man, very mysteriously designated as "Mr. X," together in the room, both, however, fully dressed.

The young girl seated upon the couch, a student in a high school, testified that the party that evening consisted of four young men and five girls; that before the appearance of petitioner upon the scene two of the young men and three of the girls had left; that respondent and Mr. X had entered the bedroom just before petitioner came in, the respondent for the purpose of getting a coat as they were all going out for a supper; that they had had some liquor during the evening. There was further testimony by this same witness that she and respondent remained out all night at one time in an automobile, because they were afraid to go home.

There is no question but that on the night above referred to, and the night of the party, the respondent was guilty of gross misbehavior. The petitioner, however, does not come into court with clean hands. He brings this young girl from Virginia as his wife. She is inexperienced, very young, and not strong in appearance. Much of the testimony of their married life discloses that neither had any conception of the responsibilities of the marriage contract. The petitioner and respondent attended parties where liquor was freely served to these young people and petitioner himself admits serving liquor at such parties. The testimony of this young girl referred to above discloses a standard of morals among these young flappers that is almost unbelievable, and she admits that on one occasion she slept in the same bed with petitioner and respondent at the house of petitioner. There are other matters brought out in the testimony which leads the court to the opinion that petitioner has failed to realize the responsibility of his position, and has to a certain extent neglected his wife. A man cannot take a wife as a mere plaything and when he tires of her **drop her.**

Petition denied and dismissed.

For Petitioner: Edwards & Angell.

For Respondent: Fitzgerald & Higgins.